**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

KEVING DAVILA AVILES,

Petitioner,

v.

TODD BLANCHE, *et al.*,

Respondents.

Case No. 2:26-cv-01429-RFB-MDC

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Keving Davila Aviles's First Amended Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his arrest and continued civil detention at Nevada Southern Detention Center ("NSDC") in the custody of Immigration and Customs Enforcement ("ICE"). See First Amended Petition for Writ of Habeas Corpus, ECF No. 15 (June 17, 2026) [hereinafter, "Petition"] (the operative petition in this matter). Through it, Mr. Aviles asserts that his arrest by and continued civil detention in Respondents' custody violates the Immigration and Nationality Act ("INA") and his due process rights. For the following reasons, the Court grants Mr. Aviles's Petition and orders his immediate release.

## I. DISCUSSION

The Constitution guarantees the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl.2). "Its province, shaped to guarantee the most fundamental of all rights, is to provide an effective and speedy instrument by which judicial inquiry may be had into the legality of the detention of a person." Carafas v. LaVallee, 391 U.S. 234, 238 (1968) (citations

omitted). Accordingly, this Court has jurisdiction to grant writs of habeas corpus in the immigration context to noncitizens who are being detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see also Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020) ("[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention . . . .").

On June 18, 2026, upon receipt of Petitioner's First Amended Petition (ECF No. 15) the Court ordered the government to show cause for Petitioner's detention by filing the following: "a 'return certifying the true cause of detention,'" as well as an *authenticated* "Warrant of Removal/Deportation (*i.e.*, I-205)," which ICE purportedly relied on to detain Mr. Aviles. Order to Show Cause, ECF No. 17 (June 18, 2026) (quoting 28 U.S.C. § 2243). However, Federal Respondents failed to comply with both parts of this order in their "return"[1] and completely failed to address the merits of Mr. Aviles's Petition therein. See generally Fed. Resp'ts' Notice of Compliance, ECF No. 20 (June 26, 2026) [hereinafter, "Return"]. Based upon the record before it, the Court finds the government has (i.) failed to assert a lawful basis for Petitioner's detention, such that Petitioner is being detained in violation of his substantive due process rights, and (ii.) failed to prove that Petitioner was arrested lawfully, violating this Court's order in the process and raising an inference that the government has acted in violation of both the INA and Petitioner's due process rights.

By way of background, the INA provides a "complex statutory framework of detention authority." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). Specifically, "[f]our statutes" authorize the government "to detain non-citizens who have been placed in removal proceedings: 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), and 1231(a)." Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023) (footnotes omitted) (citation modified). In this case, when ordered by the Court to certify the true cause of Petitioner's detention, Federal Respondents' responsive filing was entirely devoid of any statutory authority or legal argument. See generally Return. To be clear, the "return" filed was merely a notice of compliance as to Federal Respondents' filing of certain

[1] Federal Respondents captioned this filing "Notice of Compliance Pursuant to Court Order," but because this was the sole filing from the government received by the Court by the return deadline (and the only filing by the government since), the Court construes it as the government's Return to the Petition. See Return at 1.

documents, which, as explained herein, did not actually comply with this Court's order, and offered no justification at all for Petitioner's detention.[2] See generally id. For the government to detain a noncitizen during their removal proceedings, the government must identify which of these statutes, if any, justify their detention to satisfy substantive due process. The Court will not speculate—and it would be improper to do so—as to which detention authority may or may not apply to a given noncitizen. Cf. Indep. Towers of Wash. v. Washington, 350 F.3d 925, 929 (9th Cir. 2003) (quoting United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles[.]")).

Substantive due process protects individuals from government action that interferes with fundamental rights. See Regino v. Staley, 133 F.4th 951, 959–60 (9th Cir. 2025). "Governmental action that infringes a fundamental right is constitutional only if 'the infringement is narrowly tailored to serve a compelling state interest.'" Id. at 960 (quoting Reno v. Flores, 507 U.S. 292, 302 (1993)) (citation omitted). Civil immigration detention violates a noncitizen's substantive due process rights except in certain "special and 'narrow' nonpunitive 'circumstances,' [see] Foucha v. Louisiana, 504 U.S. 71, 80 (1992), where a special justification . . . outweighs the 'individual's constitutionally protected interest in avoiding physical restraint.'" Zadvydas, 533 U.S. at 690 (citation modified) (quoting Kansas v. Hendricks, 521 U.S. 346, 356 (1997)). To date, the government has not asserted an individualized justification—let alone a special or compelling justification—for depriving Petitioner of his freedom. Thus, the Court finds that his detention violates substantive due process. Cf. Escobar Salgado v. Mattos, 809 F. Supp. 3d 1123, 1162 (D. Nev. 2025) (elaborating on this same analysis and reaching the same conclusion). For the foregoing reasons, in the face of a total failure by the government to assert any lawful basis for Petitioner's detention, the Court has little difficulty concluding that such detention violates substantive due process and is, therefore, unconstitutional.

---

[2] Passing reference to 8 U.S.C. § 1231(a)(5)—a subsection of § 1231(a) that governs the reinstatement of removal orders but, notably, does not provide the government any detention authority (the detention authority provision of § 1231 is subsection 1231(a)(6))—and 8 U.S.C. § 1225(b)(2)(A)—a wholly inapplicable detention provision for an individual supposedly subject to a final order of removal, see Demore v. Kim, 538 U.S. 510, 527 (2003)—without legal argument and in a filing that preceded both the operative Petition and the Court's order to show cause cannot be considered an assertion of a lawful authority for Petitioner's detention. See Fed. Resp'ts' Notice Regarding Class Membership 2, ECF No. 9 (May 18, 2026).

Even if Federal Respondents had asserted a lawful authority under which they could permissibly detain Petitioner, they failed to show that the arrest that led to his detention was lawful. The Court's June 18 Order followed prior document production directives, which required the government to file the Warrant of Removal/Deportation (Form I-205) that had been supposedly issued as to Petitioner *in full*, among other relevant records. See Order Appointing Counsel, ECF No. 5 (May 12, 2026); Document Production Order, ECF No. 12 (May 29, 2026). After Federal Respondents filed an incomplete Form I-205—which conflicted with the Form I-205 Federal Respondents had produced directly to Petitioner—in response to these orders, Petitioner raised a question as to the reliability of the Form I-205, necessitating specific action by this Court to determine whether Petitioner had in fact been detained by ICE pursuant to a lawfully executed warrant. See Petition at 4–7 (contrasting the two Form I-205s side-by-side); see generally Warrant of Removal/Deportation, ECF No. 9-1 (May 18, 2026).

As a preliminary matter, the government's latest filing violated the Court's order, as the latest-filed Form I-205 is unauthenticated and therefore fails to quell existing reliability concerns; moreover, Federal Respondents have offered no explanation as to the competing versions of the I-205s provided nor clarity as to the true signatory of the Form I-205. See Fed. R. Evidence Rule 901(a) ("To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."); see generally Return, Ex. A, ECF No. 20-1. The reliability of such a warrant is paramount as the government's legal authority to arrest and detain a noncitizen pursuant to an administrative warrant. As the government's authority derives from the warrant's compliance with the governing regulations. Cf. N.S. v. Dixon, 141 F.4th 279, 289 (D.C. Cir. 2025) (discussing the ICE policies and regulations that require, *inter alia*, that ICE issue an I-200 or I-205 Warrant (whichever is appropriate) with each detainer); see also 8 C.F.R. § 241.2 (setting forth the regulations governing the issuance of a warrant of removal, *i.e.*, a Form I-205). The Court finds such compliance cannot be confirmed from the evidence supplied to-date. As this Court analyzed in Djiwaje v. Bondi, under similar facts but in the context of a Form I-200 warrant, arresting a noncitizen without abiding by the regulations concerning administrative arrest warrants violates

both the INA and substantive due process. See Djiwaje, Case No. 2:26-cv-00344-RFB-MDC, 2026 WL 926753, at *2–5 (D. Nev. Apr. 6, 2026). The Court therefore incorporates by reference its findings and holdings from Djiwaje herein and finds that the unreliability of the I-205 issued as to Petitioner gives rise to, at minimum, an adverse inference that the government arrested Petitioner in violation of both the INA and his substantive due process rights.

Petitioner requests relief in the form of immediate release to remedy his unlawful detention in Respondents' custody. Because of Respondents' total failure to identify *any* provision that authorizes their actions in arresting and detaining Mr. Aviles, the Court finds immediate release from custody is the only appropriate remedy. Cf. Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005) ("Federal courts have a fair amount of flexibility in fashioning specific habeas relief."); Preiser v. Rodriguez, 411 U.S. 475, 498 (1973) (stating that immediate or speedier release from incarceration is "the heart of habeas corpus").

## II. CONCLUSION

Therefore, **IT IS HEREBY ORDERED** Petitioner's First Amended Petition (ECF No. 15) is **GRANTED**. Respondents must **RELEASE** Petitioner from detention on **August 29, 2026**, between the hours of **12:00 P.M. and 3:00 P.M.** Counsel for Petitioner—and/or their agent—must be permitted to wait for Petitioner in the lobby of the Federal Justice Tower during this release window.

**IT IS FURTHER ORDERED** Petitioner must be released on his own recognizance. Thus, Respondents are prohibited from imposing release conditions that substantially interfere with Petitioner's liberty, such as electronic monitoring, without having established the reasonableness of those restrictions, by clear and convincing evidence, at a pre-deprivation hearing.

**IT IS FURTHER ORDERED** Respondents must **RETURN** Petitioner's personal property, including personal identification and employment authorization documents, upon his release.

**IT IS FURTHER ORDERED** the Parties must file a joint status report by **September 1, 2026**, confirming Respondents' compliance with this Order including (i) the date and time of Petitioner's release; (ii) compliance with this Court's directives concerning release on personal recognizance; and (iii) the return of Petitioner's personal property.

The Court will consider contempt sanctions against any, and all, officials who fail to comply with this Order.

The Clerk of Court is kindly instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. To that end, Petitioner may move to re-open this case without filing a new action.

**DATED:** August 28, 2026.



**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**